OPINION
{¶ 1} Tyrone R. Grier appeals from the denial of his petition for postconviction relief without a hearing, which he assigns as error. We will affirm.
 {¶ 2} Grier was indicted for possession of cocaine and trafficking in cocaine, both first degree felonies with mandatory imprisonment. He was also indicted on two counts of having weapons under disability and one count of possession of criminal tools, which are fifth degree felonies. On the eve of trial, Grier entered guilty pleas to these charges and was sentenced to an agreed-upon sentence of five years, which was mandatory imprisonment. Grier was also fined $10,000.
 {¶ 3} Approximately six months later, Grier filed a pro se "petition to vacate or set aside judgment of conviction or sentence" and requested an evidentiary hearing.
 {¶ 4} The constitutional underpinning of Grier's petition was a claim of ineffective assistance of counsel. He claimed that his trial counsel failed to investigate his case and file pretrial motions for discovery and to suppress. He further claimed that he had told counsel he was not the lessee of the residence where the contraband was found, that the contraband was not in his possession, and that his fingerprints were not on the seized items. Grier also claimed his counsel failed to question information obtained from a confidential informant, which apparently was used to secure the search warrant. He asserted that a motion to suppress would have shown this information to have been fabricated. Finally, Grier claimed his counsel failed to subpoena witnesses until the day of trial. Approximately 3½ months after filing his petition, Grier filed an affidavit stating that the information in his petition was true to the best of his knowledge.
 {¶ 5} Thereafter, the State moved for summary judgment, attaching as exhibits the transcript of the combined plea and sentencing hearing and the affidavit of Grier's trial counsel which stated in part as follows:
 {¶ 6} "2. I was appointed counsel for Tyrone Grier in the Common Pleas Court of Greene County, case captioned State of Ohio v. Tyrone Grier, Case No. 2003 CR 430.
 {¶ 7} "3. I have never threatened, coerced, forced, or in any manner caused a client to enter a plea of guilty against the will of my client; this is specifically true regarding Mr. Grier.
 {¶ 8} "4. I completely and competently advised Mr. Grier in every aspect of his case, and Mr. Grier solely made the decision to enter his plea foregoing trial on the matter.
 {¶ 9} "5. Local customs and practices requires the Prosecutor's Office to provide complete discovery at the onset of a case, and to provide continued discovery as additional discovery becomes available. This was so performed by the Greene County Prosecutor's Office whereas there were several supplemental discovery packets provided and shared with the Defendant. Mr. Grier was advised of this local custom and was availed all and every opportunity to view all discovery provided, as provided.
 {¶ 10} "6. Mr. Grier asserted that his defense was that he did not live at the residence at issue in this matter and the address of the search warrant, thus he bound himself in failing to have standing to challenge the search warrant of the premises. This was thoroughly discussed with Mr. Grier prior to his decision to submit a plea of guilty.
 {¶ 11} "7. Mr. Grier had not only outstanding warrants on him, he was on parole, thus knew or should have known his greatly reduced Fourth Amendment protection. This was thoroughly discussed with Mr. Grier prior to his decision to submit a plea of guilty.
 {¶ 12} "8. Mr. Grier did not supply counsel with any potential witnesses until a short time prior to trial and provided little information as to how to contact his witnesses, including one witness that was `at large,' and others at a single address that was actually a residence of transient guests, like Mr. Grier. The owner/resident of that address instructed counsel that he would have the people in court on the day of trial and would get their subpoenas at that time.
 {¶ 13} "9. I counseled Mr. Grier as to the legal definition of possession and control, the essential element of possession of drugs, and Mr. Grier knew or should have known that his presence in the residence, whether or not he was a resident or listed on the search warrant, was sufficient for a jury to find him guilty as charged.
 {¶ 14} "10. I exercised all diligence in investigating this matter from reading all hard discovery, pursuit of additional discovery, reviewing video tapes on the search of the premises.
 {¶ 15} "11. I do not file frivolous motions in any case. I did decide that there were no viable challenges to the warrants, the search, or in any other manner that the Defendant's rights were violated.
 {¶ 16} "12. I attempted to extend the narrow scope of my representation by trying to tie the Greene County charges with charges against the Defendant in Clark County.
 {¶ 17} "13. I was completely prepared for trial in this matter. The facts for trial were simple, and in the opinion of counsel, not favorable for Defendant.
 {¶ 18} "14. Defendant, Tyrone Grier, as he attested to when he entered his plea, did so voluntarily, of his own accord. Tyrone Grier further indicated, in the course of his change of plea hearing, that he was completely satisfied with the services rendered by counsel."
 {¶ 19} The trial court sustained the motion for summary judgment, setting forth eleven paragraphs of findings of fact and four paragraphs of conclusions of law.
 {¶ 20} The court concluded there was no failure of investigation by Grier's counsel. The court concluded that motions for discovery were unnecessary as the State furnished discovery to defense counsel which he shared with Grier. There was no failure to file a suppression motion because there were no viable challenges. Finally, counsel had reviewed all discovery, secured additional discovery, and reviewed videotapes regarding the search.
 {¶ 21} State v. Calhoun (1999), 86 Ohio St.3d 279 provides guidance to trial courts and appellate courts considering petitions for postconviction relief.
 {¶ 22} "1. In reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.
 {¶ 23} "2. Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.
 {¶ 24} "3. A trial court properly denies a petition for postconviction relief, made pursuant to R.C. 2953.21, and issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence."
 {¶ 25} On appeal, Grier contends that the record does not reflect that his counsel obtained discovery. Paragraph 5 of his counsel's affidavit explained that the State had an ongoing obligation to furnish discovery without a defense motion to do so and that such discovery was provided. Thus, it follows that the discovery process in this case would not be disclosed by the record as constituted prior to Grier's guilty pleas.
 {¶ 26} Grier contends that his counsel didn't review the discovery. Grier could not have personally known this, and this assertion is directly controverted by his counsel's affidavit. See paragraph ten.
 {¶ 27} Grier contends that had counsel had the contraband examined for fingerprints, it would have been revealed that Grier's fingerprints were not on the contraband. Even if it were true that Grier's fingerprints were not on the contraband, this would not have necessarily exonerated him.
 {¶ 28} Grier claims that investigation would have verified that he was not the lessee of the house where the search warrant was executed but, rather, "he was in the bedroom that belongs to one of the residents." He further claims that his counsel was remiss in not challenging the veracity of the confidential informant, whose information was apparently used to obtain the warrants. In paragraphs six and eleven, counsel stated that Grier's insistence that he did not live at the residence that was searched convinced him that Grier had no standing to challenge the search. Based on this record, we cannot say that counsel was ineffective in so concluding. See, generally, Katz, Ohio Arrest,Search and Seizure (2004), §§ 24:3, 24:4.
 {¶ 29} Grier also contends that his guilty pleas were not voluntarily, knowingly, or intelligently made, but, rather, his pleas were manipulated and caused by false information provided by his counsel. There are several problems with this contention. First, this contention was first advanced — if at all — in a supplementary petition, filed by an attorney, wherein Grier alleged he only pleaded guilty because his attorney was unprepared for trial. This assertion was not covered by Grier's affidavit. Second, the assertion is directly contradicted by his counsel's affidavit. See paragraphs 3, 4, 8, 10, 13, 14. Third, this contention is conclusory and utterly lacking in specificity. Fourth, this conclusory, unspecific allegation — even if verified — would be insufficient under State v. Kapper (1983),5 Ohio St.3d 36 to warrant a hearing where the record made of the guilty pleas demonstrates that they were knowingly, intelligently, and voluntarily made. We have examined the record of the plea hearing and have found no basis for concluding that Grier's guilty pleas were anything but knowingly, intelligently, and voluntarily made.
 {¶ 30} Grier appears to have abandoned his complaint about his counsel's subpoenaing witnesses on the eve of trial.
 {¶ 31} The trial court did not err in dismissing Grier's petition without a hearing.
 {¶ 32} The assignment of error is overruled.
 {¶ 33} The judgment will be affirmed.
Brogan, P.J. and Donovan, J., concur.