OPINION
{¶ 1} Tyrone Grier appeals from the denial of his motion to withdraw his plea or modify his sentence. For the following reasons, the trial court's judgment will be affirmed.
 {¶ 2} On June 20, 2003, Grier was indicted for possession of cocaine, *Page 2 
trafficking in cocaine, possession of criminal tools, and two counts of having weapons while under disability. On August 19, 2003, Grier entered a negotiated plea of guilty to the charges. The plea agreement included an agreed sentence of five years in prison for possession of cocaine and trafficking in cocaine, which was mandatory imprisonment, and eleven months in prison for the remaining three counts, all of which were to be served concurrently. The court accepted the guilty plea and sentenced Grier to an aggregate sentence of five years of mandatory imprisonment, as agreed by the parties, and imposed a mandatory $10,000 fine.
 {¶ 3} On February 24, 2004, Grier filed a petition for post-conviction relief, asserting that his trial counsel was ineffective for failing to investigate, to file pretrial motions, to request discovery, and to subpoena witnesses. Grier filed a supplemental motion to set aside his conviction and sentence on May 5, 2004. On July 1, 2004, the trial court dismissed Grier's petition. We affirmed the trial court's judgment on May 27, 2005. State v. Grier, Greene App. No. 2004-CA-82,2005-Ohio-2765.
 {¶ 4} On April 11, 2006, Grier filed a motion to withdraw his guilty plea or modify his sentence from five years to three years, arguing that he was entitled to the shortest prison term in accordance with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Grier argued that the trial court engaged in judicial fact-finding under R.C.2929.14(B) when it sentenced him to more than the minimum sentence. The court summarily denied his motion on the same date. Grier appealed, raising two assignments of error.
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT *Page 3 
TO PROCEDURAL DUE PROCESS OF LAW WHERE THE COURT SUMMARILY DISMISSED THE MOTION TO WITHDRAW GUILTY PLEA/MOTION TO MODIFY SENTENCE WITHOUT CONDUCTING AN EVIDENTIARY HEARING FIRST."
 {¶ 5} In his first assignment of error, Grier claims that the trial court should have held an evidentiary hearing before ruling on his motion to withdraw his plea or modify his sentence.
 {¶ 6} "[A]n evidentiary hearing is not required on every post-sentence motion to withdraw a plea." State v. Stewart, Greene App. No. 2003-CA-28, 2004-Ohio-3574. In State v. Francis, 104 Ohio St.3d 490,500, 2004-Ohio-6894, 820 N.E.2d 355, the supreme court stated that the court should hold a hearing on a motion to withdraw a plea "unless it is clear that denial of the motion is warranted."
 {¶ 7} In the present case, Grier's motion to withdraw his plea or modify his sentence was based on the purely legal question of whether the trial court erred in imposing a non-minimum sentence in light ofFoster. The motion did not raise any factual issue that would require an evidentiary hearing for resolution. Accordingly, the trial court did not err in resolving Grier's motion without an evidentiary hearing.
 {¶ 8} The first assignment of error is overruled.
 {¶ 9} "IT WAS PREJUDICIAL ERROR IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW FOR THE TRIAL COURT NOT TO GRANT RELIEF IN THIS CASE."
 {¶ 10 In his second assignment of error, Grier asserts that the trial court erred in overruling his motion. We disagree. *Page 4 
 {¶ 11} A motion to withdraw a plea of guilty or no contest is governed by Crim. R. 32.1, which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 12} Grier has based his motion on Blakely v. Washington (2004),542 U.S. 961, 124 S.Ct. 2531, 159 L.Ed.2d 403, and Foster, supra. InBlakely, the United States Supreme Court held that "the maximum sentence a judge may impose is one based solely on the facts reflected in a jury verdict or admitted by the defendant." Following Blakely, the Supreme Court of Ohio held in Foster that certain portions of the Ohio sentencing statute, including R.C. 2929.14(B), are unconstitutional because they require judicial fact-finding. "Foster requires that anypre-Foster sentence to which the statutorily required findings of fact applied (i.e., nonminimum, maximum and consecutive sentences), which was pending on direct appeal at the time that Foster was decided, must be reversed and remanded for resentencing." State v. Deloach, Montgomery App. No. 21422, 2006-Ohio-6303, ¶ 22.
 {¶ 13} We have consistently held that Foster does not apply retroactively to those cases which were neither on direct appeal nor still pending in the trial court when Foster was decided on February 27, 2006. E.g., State v. Dunn, Montgomery App. No. 21553, 2007-Ohio-1666. The United States Supreme Court also limited Blakely `s holding to cases already on direct appeal or pending before a trial court. United Statesv. Booker (2005), 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621; seeState v. McHale, Montgomery App. No. 21198, 2006-Ohio-4159, ¶ 4. *Page 5 
 {¶ 14} Because Grier's plea and sentencing hearing was held on August 19, 2003, and the court entered a final judgment on the following day, his case was neither on direct appeal nor pending in the trial court when Blakely and Foster were decided. Consequently, those holdings are inapplicable to this case. Moreover, although the trial court made findings under R.C. 2929.14(B), Grier received the sentence that he and the state had presented to the trial court as a negotiated agreed sentence. Accordingly, Grier did not suffer a manifest injustice, and the trial court did not err when it denied his motion to withdraw his plea or modify his sentence.
 {¶ 15} The second assignment of error is overruled.
 {¶ 16} The judgment of the trial court will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1