OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of John C. Snyder, filed July 19, 2006. Following a jury trial on July 18 and 19, 2001, Snyder was convicted of one count of aggravated robbery, in violation of R.C. 2911.01, a felony of the first degree, one count of robbery, in violation of R.C. 2911.02, a felony of the second degree, and one count of *Page 2 
burglary, in violation of R.C. 2911.12, a felony of the second degree. On August 1, 2001, the trial court found Snyder to be a repeat violent offender, pursuant to R.C. 2941.149, and sentenced him to eight years for aggravated robbery, five years for robbery and five years for burglary, to be served consecutively. The court also imposed an additional term of three years to be served consecutively with the other terms.
 {¶ 2} On August 23, 2001, Snyder filed a Notice of Appeal, and we affirmed his convictions and sentences on May 3, 2002. On December 2, 2005, Snyder filed a motion to reopen his appeal, which we denied on February 14, 2006. On June 22, 2006, Snyder filed a "Motion to Correct Unlawful Sentence," arguing that his sentence exceeded "the maximum statutory sentence permissible absent jury findings of fact which were not found beyond a reasonable doubt by a jury, alleged in the indictment or admitted by Defendant," in reliance on State v. Foster (2006),109 Ohio St. 3d 1, 845 N.E.2d 470. On July 6, 2006, the trial court determined that "Defendant's sentence was not on appeal whileFoster was being decided. The Defendant's sentence was already final. Therefore, no relief can be granted." The court further noted, "the Defendant's motion could possibly be interpreted as a motion for post-conviction relief. However, a motion for post-conviction relief is not timely filed."
 {¶ 3} Snyder asserts two assignments of error, which we will address together. They are as follows:
 {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DECIDING THAT STATE v. FOSTER (2006), 109 Ohio St.3d 1 PROHIBITED ITS GRANTING RELIEF" And,
 {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DECIDING *Page 3 
THAT THE INSTANT PROCEEDING DOES NOT CONSTITUTE A DIRECT ATTACK UPON THE UNLAWFUL SENTENCE IMPOSED ON APPELLANT IN THIS CASE."
 {¶ 6} Snyder argues that his motion, "presented pursuant to Criminal Rule 57(B)," constitutes a direct attack on his sentence in reliance upon State v. Bush (2002), 96 Ohio St.3d 235, 773 N.E.2d 522 (holding postconviction remedies do not control a postsentence motion to withdraw a plea; the postsentence motion is not a collateral attack on the conviction but is filed in the underlying criminal case and directly attacks the withdrawal of the plea.) According to Snyder,"Foster held that sentences under direct attack must be reversed and remanded for resentencing"
 {¶ 7} "Foster established a bright-line rule that anypre-Foster sentence to which the statutorily required findings of fact applied (i.e. more-than-minimum, maximum, and consecutive sentences), pending on direct review at the time that Foster was decided, must be reversed, and the cause remanded for re-sentencing in accordance withFoster, if the sentence is a subject of the appeal." State v.Logsdon, Clark App. No. 2005-CA-66, 2006-Ohio-6833. "We have consistently held that Foster does not apply retroactively to those cases which were neither on direct appeal nor still pending in the trial court when Foster was decided on February 27, 2006" State v. Grier, Montgomery App. No. 2006 CA 61, 2007-Ohio-2597. While Snyder's motion may directly attack his sentence, Snyder's sentence was not on direct appeal at the time Foster was decided; Snyder's direct appeal was affirmed in 2002. Foster does not apply to his appeal from the trial court's decision denying his Motion to Correct Unlawful Sentence. Snyder's assignments of error are overruled. Judgment affirmed. *Page 4 
 WOLFF, P.J. and GRADY, J., concur. *Page 1