[Cite as *State v. Harden*, 2012-Ohio-1657.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee          :    C.A. CASE NO. 24603

vs.                                    :    T.C. CASE NO. 95CR2190

CHARLES HARDEN                         :    (Criminal Appeal from
                                  Common Pleas Court)
    Defendant-Appellant         :

. . . . . . . . .

O P I N I O N

Rendered on the 13th day of April, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; R. Lynn Nothstine, Asst.
Pros. Attorney, Atty. Reg. No. 0061560, P.O. Box 972, Dayton, OH
 45422
    Attorneys for Plaintiff-Appellee

Charles Harden, # 43563-061, USP-Beaumont, P.O. Box 26030,
Beaumont, Texas 77720
    Defendant-Appellant, Pro Se

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Charles Harden, appeals from a final
judgment denying his postsentence Crim.R. 32.1 motion to withdraw
his guilty plea.

{¶ 2} Defendant was charged with aggravated arson, R.C.

2909.02(A)(2), after setting fire to his cell at Dayton Correctional Institution on December 14, 1995. Defendant entered a plea of guilty to the aggravated arson charge. The trial court convicted Defendant on his guilty plea and sentenced Defendant to a prison term of from five to twenty-five years. Defendant did not appeal from his conviction.

{¶ 3} Defendant was subsequently released on parole. In September 2003, Defendant was convicted of a federal firearm offense and was sentenced to a prison term of one hundred and eighty-eight months. Defendant remains incarcerated in a federal prison.

{¶ 4} On August 3, 2004, Defendant filed a motion to withdraw his guilty plea to the aggravated arson charge. Defendant claimed that his mental health problems and his attorney's failure to investigate his competence prevented him from entering a knowing, intelligent and voluntary guilty plea. The trial court overruled Defendant's motion on September 21, 2004. Defendant did not appeal.

{¶ 5} In November 2004, Defendant filed an untimely petition for post-conviction relief. As grounds for relief, Defendant claimed that his trial counsel was ineffective because he failed to investigate and present evidence of Defendant's history of mental health problems and the effects of the psychiatric medications Defendant was taking. The trial court denied

Defendant's post-conviction petition without a hearing on November 18, 2004, noting that it was based upon the same mental health arguments Defendant previously raised and that had been rejected in support of the motion to withdraw his guilty plea. Defendant appealed the trial court's decision denying his petition for post-conviction relief, and we affirmed the trial court's judgment because Defendant's petition was untimely and failed to demonstrate any of the exceptions for untimely petitions in R.C. 2953.23. *State v. Harden*, 2d Dist. Montgomery No. 20803, 2005-Ohio-5580.

{¶ 6} On March 11, 2008, Defendant filed his second motion to withdraw his guilty plea. Defendant claimed, among other things, that his plea was not knowing, intelligent and voluntary due to the effects of the psychiatric medications he was taking at the time and his mental health problems. The trial court overruled Defendant's motion on July 8, 2008. Defendant appealed to this court and we affirmed the trial court's judgment. *State v. Harden*, 2d Dist. Montgomery No. 22839, 2009-Ohio-3431.

{¶ 7} On October 23, 2009, Defendant filed his third motion to withdraw his guilty plea. Defendant claimed that his counsel was not present at the time he entered his plea. The trial court overruled Defendant's motion on November 3, 2009. Defendant appealed to this court and we again affirmed the trial court's judgment. *State v. Harden*, 2d Dist. Montgomery No. 23742, 2010-Ohio-5282.

{¶ 8} On December 8, 2010, Defendant filed his fourth motion to withdraw his guilty plea. Defendant again claimed that he was not competent to enter a knowing, intelligent and voluntary plea due to his mental health problems, including auditory hallucinations, the effects of the psychiatric medications he was taking, and his counsel's failure to investigate his competency. The trial court overruled Defendant's motion on April 6, 2011, noting that Defendant's latest claim which regarding his mental health problems and the effects of the psychiatric medications he was taking is barred by res judicata because those matters were previously raised by Defendant in the trial court and rejected by both the trial court and this court.

{¶ 9} Defendant has once again appealed to this court from the trial court's judgment denying his motion to withdraw his guilty plea.

FIRST ASSIGNMENT OF ERROR

{¶ 10} "THE TRIAL COURT RELIED ON INCORRECT FACT AND A DEFICIENT MEMORANDUM IN OPPOSITION TO OVERRULE MY RULE 32.1 MOTION."

THIRD ASSIGNMENT OF ERROR

{¶ 11} "THE TRIAL COURT ERRED BY NOT HOLDING AN EVIDENTIARY HEARING TO DETERMINE THE EFFECTS THAT THE AUDIO HALLUCINATIONS I SUFFER DURING THIS CASE HAD ON THE GUILTY PLEA."

{¶ 12} In his first and third assignments of error, Defendant argues that the trial court erred by overruling his Crim.R. 32.1

motion to withdraw his guilty plea without first holding a hearing.

{¶ 13} In *State v. Harden*, 2d Dist. Montgomery No. 23742, 2010-Ohio-5282, at ¶ 18, we observed:

> A post-sentence motion to withdraw a guilty plea is allowed only to correct a manifest injustice. Crim.R. 32.1; *State v. Wright, supra.* The burden to establish a manifest injustice is on the party seeking to withdraw the plea. *Wright.* An undue delay between the occurrence of the alleged cause of a withdrawal of a guilty plea and the filing of a Crim.R. 32 motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. *State v. Smith* (1972), 49 Ohio St.2d 261, 361 N.E.2d 1324; *State v. Harden,* Montgomery App. No. 22839, 2009-Ohio-3431.

{¶ 14} In *State v. Grier*, 2d Dist. Greene No. 2006CA61, 2007-Ohio-2597 at ¶ 6, we stated:

> "[A]n evidentiary hearing is not required on every post-sentence motion to withdraw a plea." *State v. Stewart,* Greene App. No.2003-CA-28, 2004-Ohio-3574. In *State v. Francis,* 104 Ohio St.3d 490, 500, 2004-Ohio-6894, 820 N.E.2d 355, the Supreme Court stated that the court should hold a hearing on a motion to withdraw a plea "unless it is clear that denial of the

motion is warranted."

{¶ 15} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus.

{¶ 16} Defendant's motion to withdraw his guilty plea filed on December 8, 2010 is based upon claims that he was incompetent to enter a knowing, intelligent and voluntary guilty plea due to auditory hallucinations that were the adverse influence of psychiatric medications he was taking, and the fact that his trial counsel failed to investigate his history of mental health problems and his competency. As the trial court properly noted, Defendant's claim is barred by res judicata because those claims were previously raised by Defendant multiple times in the trial court vis-a-vis the prior motions to withdraw his plea and post-conviction petitions that he filed, and those claims were rejected by the trial court and by this court. See: Motion to Withdraw Guilty Plea filed August 3, 2004; post-conviction petition filed November 4, 2004; Decision overruling petition for post-conviction relief filed November 18, 2004; Motion to Withdraw Guilty Plea filed March

11, 2008; *State v. Harden*, 2d Dist. Montgomery No. 22839, 2009-Ohio-3431 at ¶5-10; *Szefcyk*.

{¶ **17**} Defendant argues, however, that he has never before made a claim that his guilty plea was not knowing, intelligent and voluntary because of auditory hallucinations. Defendant clearly could have presented that particular claim in his prior motions to withdraw his plea, but he did not. That claim is likewise barred by res judicata. *Szefcyk*. Furthermore, the fact that Defendant waited thirteen years after entering his guilty plea before moving to withdraw that plea on the claim that he was not competent to enter his plea because at the time of his plea he was suffering from auditory hallucinations, adversely affects Defendant's credibility and militates against granting his motion to withdraw his guilty plea. *State v. Harden*, 2d Dist. Montgomery No. 23742, 2010-Ohio-5282; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1972).

{¶ **18**} Defendant has not demonstrated that a manifest injustice exists in this case or that the trial court abused its discretion by denying his motion to withdraw his plea without a hearing.

{¶ **19**} Defendant's first and third assignments of error are overruled.

SECOND ASSIGNMENT OF ERROR

{¶ **20**} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING MY MOTION TO EXPAND THE RECORD TO INCLUDE MY INMATE MEDICAL AND MENTAL

HEALTH RECORD RELATED TO THE OFFENSE CHARGED."

{¶ 21} On February 17, 2011, Defendant filed a motion asking the trial court to expand the record in this case in connection with his December 8, 2010 motion to withdraw his guilty plea, to include his prison medical and mental health records, or in the alternative, appoint counsel for the purpose of obtaining and including those records in this case. According to Defendant, those prison mental health records would include a psychological evaluation that was done after Defendant had set fire to his cell at D.C.I., during which Defendant discussed his auditory hallucinations. The record before us fails to demonstrate that the trial court addressed or ruled upon Defendant request.

{¶ 22} When a motion to withdraw a guilty plea is not filed until several years after a conviction and sentence has become final, the movant is not entitled to appointed counsel for purposes of assisting him with the post-sentence motion to withdraw the plea, especially when no hearing is held on the motion. *State v. Meadows*, 6th Dist. Lucas No. L-05-1321, 2006-Ohio-2622; *State v. McNeal*, 8th Dist. Cuyahoga No. 82793, 2004-Ohio-50.

{¶ 23} When a court fails to address a motion or application, the court is presumed to have denied the relief requested. However, a denial of Defendant's motion concerning his prison medical records presents no basis to reverse. Defendant would rely on those records to prove that he suffered from auditory

hallucinations at the time he entered his guilty plea, and for that reason his plea was not knowing, intelligent and voluntary.

As we previously indicated above, Defendant could have presented his auditory hallucination claim in his earlier motions to withdraw his plea, but he did not, and that particular claim is now barred by res judicata. The bar likewise precludes consideration of medical records Defendant would offer to prove the barred claim.

{¶ 24} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J., And FROELICH, J., concur.

Copies mailed to:

R. Lynn Nothstine, Esq.
Charles Harden
Hon. Michael L. Tucker