[Cite as *State v. Kemp*, 2014-Ohio-4607.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :              C.A. CASE NO. 2014 CA 32

v.                                               :              T.C. NO.    02CR766

DEJUAN G. KEMP                                   :              (Criminal appeal from
                                                                Common Pleas Court)
    Defendant-Appellant                      :

                                                 :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the _____17th_____ day of _____October_____, 2014.

· · · · · · · · · ·

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

DEJUAN G. KEMP, Inmate No. 446-356, Madison Correctional Institute, 1851 State Route 56, P. O. Box 740, London, Ohio 43140
    Defendant-Appellant

· · · · · · · · · ·

FROELICH, P.J.

{¶ 1} Dejuan Kemp appeals from a judgment of the Clark County Court of Common Pleas, which denied, without a hearing, his motion to withdraw a guilty plea he entered in 2003. For the following reasons, the judgment of the trial court will be affirmed.

**{¶ 2}** The events which led to the charges against Kemp in 2002 involved a drug transaction and planned robbery; Kemp and two other men had planned to rob a fourth man, who was buying drugs from them. When their intent to rob the buyer became apparent, the buyer pulled a gun and fired several shots toward his assailants. One of Kemp's accomplices was killed.

**{¶ 3}** In October 2002, Kemp was indicted on one count of murder (felony-murder), one count of aggravated robbery, two counts of robbery, and one count of tampering with evidence; the counts of murder and aggravated robbery included firearm specifications. In 2003, pursuant to a plea bargain, Kemp pled guilty to a reduced charge of involuntary manslaughter and to aggravated robbery, in exchange for which the other charges and the firearm specifications were dismissed. The parties agreed that Kemp would be sentenced to a 16-year term, and "stipulat[ed] to the factors justifying said sentence." Kemp appealed from his conviction, challenging the voluntary, intelligent, and knowing nature of his plea. We affirmed his conviction. *State v. Kemp*, 2d Dist. Clark No. 03CA25, 2004-Ohio-167 ("Kemp I").

**{¶ 4}** In January 2014, Kemp filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1, in which he argued that his plea had not been knowingly, intelligently, and voluntarily entered and that he had been denied the effective assistance of counsel. In February 2014, the trial court denied the motion, without a hearing. The trial court's judgment stated that Kemp had failed to show a manifest injustice, that his plea was voluntary, knowing and intelligent, and that the issue of ineffective assistance of counsel should have been raised on direct appeal.

**{¶ 5}** Kemp appeals from the denial of his motion to withdraw his plea, raising three assignments of error. Kemp's first two assignments of error allege that the trial court did not comply with procedural due process requirements when it denied his motion to withdraw his plea without conducting a hearing or providing findings of fact and conclusions of law. His third assignment of error alleges that he was denied the effective assistance of counsel at his plea and sentencing hearings. Kemp's ineffective assistance of counsel argument is based primarily on counsel's alleged failure to object to the imposition of consecutive sentences, but he also references the "trial court's lack of jurisdiction to convict and sentence for felony/manslaughter rather than misdemeano[r]/manslaughter."

**{¶ 6}** A trial court "may set aside a judgment of conviction and permit a defendant to withdraw a guilty plea after imposition of sentence only to correct a manifest injustice." *State v. Blatnik*, 17 Ohio App.3d 201, 202, 478 N.E.2d 1016 (6th Dist.1984); Crim.R. 32.1; *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *Brooks* at ¶ 8, citing *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999). The defendant bears the burden of establishing the existence of a manifest injustice, and whether that burden has been met is an issue within the sound discretion of the trial court. *Blatnik* at 202, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

**{¶ 7}** An evidentiary hearing is not required on every post-sentence motion to withdraw a plea. *State v. Grier,* 2d Dist. Greene No. 2006CA61, 2007-Ohio-2597, ¶ 6. The

Supreme Court has stated that a trial court should hold a hearing on a motion to withdraw a plea "unless it is clear that denial of the motion is warranted." *State v. Francis,* 104 Ohio St.3d 490, 500, 2004-Ohio-6894, 820 N.E.2d 355.

{¶ 8} Undue delay in filing a Crim.R. 32.1 motion "is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith* at 264; *State v. Harden*, 2d Dist. Montgomery No. 23742, 2010-Ohio-5282, ¶ 18. We note that more than ten years passed between Kemp's conviction and his motion to withdraw his plea.

{¶ 9} Kemp contends that the trial court erred in denying his motion without "citing specific facts in the record which demonstrated that the motion was subject to summary dismissal." This argument misconstrues the burden of proof, which was on Kemp. Moreover, Crim.R. 32.1 does not require a court to issue findings of fact and conclusions of law when ruling on a motion to withdraw a guilty plea. *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶ 7.

{¶ 10} Kemp stated in his motion that his plea had not been knowingly, intelligently, and voluntarily entered, because he was denied the effective assistance of counsel. He did not elaborate on these claims; he simply asserted that the resolution of these claims required an evidentiary hearing. He also contended that the two eight-year sentences imposed in his case should not have been imposed consecutively because the trial court did not make appropriate findings or examine whether it had jurisdiction "for felony/manslaughter rather than misdemeanor/manslaughter." Kemp characterizes the trial court decision not to "orde[r] and conside[r] any parts of the plea hearing and sentencing transcripts" as "constitutional structural defect error."

**{¶ 11}** Kemp's argument with respect to the knowing, intelligent, and voluntary nature of his plea ignores the fact that we reviewed the voluntariness of his plea on direct appeal. In *Kemp I,* we observed:

A guilty plea and the waiver of rights it involves is voluntary when it is cognitive, deliberate, and effected by choice, and uncoerced to the extent that it is self-willed. Then, the decision to enter the plea is the defendant's own choice. The fact that the choice that's made is an unwanted result of circumstances a defendant finds himself otherwise powerless to control doesn't render the plea involuntary in a legal or constitutional sense.

* * * Typically, all the alternatives before [criminal defendants] are bad and impose burdens the defendant would rather not endure. However, the fact that a defendant's choice to assume the least onerous of them is an unhappy one does not render that choice involuntary. * * *

Kemp's reservations and protestations portray that he was unhappy with the choice he made because he had to make it, not that his act of making a choice was other than cognitive, deliberate, and self-willed. His guilty plea was therefore not involuntary in a constitutional sense. Any remaining implication that it might be is resolved by the subsequent Crim.R. 11(C) plea colloquy in which he denied any compulsion, influence, or lack of understanding.

*Id*. at ¶ 35-37.

**{¶ 12}** "Under the doctrine of res judicata, a final judgment of conviction bars a

convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus; *State v. Harden*, 2d Dist. Montgomery No. 24603, 2012-Ohio-1657, ¶ 15. Because the voluntariness of Kemp's plea was thoroughly addressed in his direct appeal from his conviction, this argument was barred by res judicata, and the trial court properly concluded that no hearing on this claim was required before Kemp's motion to withdraw his plea was denied. Under these circumstances, there was no reason for the trial court to order or consider transcripts of the plea or sentencing hearing.

{¶ 13} In his motion, Kemp repeatedly asserted that his involuntary manslaughter conviction should have been "reduced to a conviction for misdemeanor/manslaughter with the judgment not to exceed five (5) years" and that his sentences for "misdemeanor manslaughter" and aggravated robbery should have been served concurrently. He cited no authority for these assertions.

{¶ 14} We note that involuntary manslaughter, to which Kemp pled guilty, is not a misdemeanor. Although one of its definitions is "caus[ing] the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a misdemeanor of any degree, * * *, or a minor misdemeanor * * *," R.C. 2903.04(B), there are no circumstances in which involuntary manslaughter is a misdemeanor. *See* R.C. 2903.04 (defining the offense as a felony of the first or third degree, depending on whether the predicate offense is a felony or a

misdemeanor). Moreover, R.C. 2903.04(B) is not the section under which Kemp was convicted. Kemp pled guilty to involuntary manslaughter under R.C. 2903.04(A) and to aggravated robbery, both of which were first-degree felonies. The trial court was not precluded from imposing consecutive sentences, as Kemp suggests, especially where the parties agreed to the imposition of such sentences and stipulated to any findings required to support such sentences. Further, an agreed sentence constitutes a waiver of the statutory sentencing factors, since these are applicable where the court determines the sentence. *State v. Gibson*, 8th Dist. Cuyahoga No. 83069, 2004-Ohio-3112, ¶ 15, citing R.C. 2929.14(B). The trial court reasonably concluded that no hearing was required on this claim.

{¶ 15} Further, Kemp failed to demonstrate or allege with any specificity that there had been a manifest miscarriage of justice. He also offered no support for his assertion that the trial court lacked subject matter jurisdiction; this argument appears have been based on his misperception that involuntary manslaughter is, in some circumstances, a misdemeanor offense. The trial court clearly had subject matter jurisdiction over the felony charge of involuntary manslaughter. No hearing was warranted on these issues.

{¶ 16} Kemp's third assignment of error claims that he was denied the effective assistance of counsel with respect to his sentence, because his attorney did not object to the imposition of consecutive sentences. The plea agreement characterized Kemp's sentence as an "agreed sixteen-year sentence;" an "agreed sentence" is not reviewable on appeal, pursuant to R.C. 2953.08(D). *State v. Carson*, 2d Dist. Montgomery No. 20285, 2004-Ohio-5809, ¶ 17. Also, any claimed ineffective assistance of counsel should have been raised on direct appeal and is now barred by res judicata.

**{¶ 17}** Kemp's claims that his guilty pleas were not knowingly, intelligently, and voluntarily entered and that he was denied the effective assistance of counsel were barred by res judicata. His claims that a manifest injustice existed and that the trial court abused its discretion in denying his motion to withdraw his plea without a hearing are without merit.

**{¶ 18}** The first, second, and third assignments of error are overruled.

**{¶ 19}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Dejuan G. Kemp
Hon. Douglas M. Rastatter