[Cite as *State v. Taylor*, 2014-Ohio-5358.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

CRYSTAL L. TAYLOR

     Defendant-Appellant


Appellate Case No.    26027

Trial Court Case No.   2000-CR-1387


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of December, 2014.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

CARLO C. McGINNIS, Atty. Reg. #0019540, 130 West Second Street, Suite 800, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   In this case, Defendant-Appellant, Crystal Lynn Taylor, appeals from the trial court's denial of her motion to withdraw her guilty plea.   Following a guilty plea, Taylor was convicted of possession of cocaine, a fifth degree felony, in   2001.

{¶ 2}   We conclude that the trial court did not abuse its discretion in overruling Appellant's motion to withdraw her guilty plea. The record demonstrates that her guilty plea was knowingly, intelligently, and voluntarily made.   In addition, Appellant failed to demonstrate a manifest injustice from having not been advised of her eligibility for Intervention in Lieu of Conviction (ILC) during her change of plea hearing.   At the time of the plea, she was already under ILC supervision from a prior felony offense.   Furthermore, Appellant failed to establish that her attorney was deficient or that there was a reasonable probability that the result would have been different had her counsel requested ILC. Accordingly, the judgment of the trial court will be affirmed.

I.   Facts and Course of Proceedings

{¶ 3}   On January 10, 2001, Taylor entered a plea of guilty to possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree.   Subsequently, on January 31, 2001, the trial court sentenced Taylor to five years of community control sanctions.   Taylor successfully completed the sanctions and was released from supervision on May 31, 2002.

{¶ 4}   On October 4, 2006, Taylor filed a motion for expungement, which the trial

court denied. Taylor then filed an application for sealing of the record of her conviction on July 19, 2013, which was also denied. The basis for the decision was that Taylor was not a first offender, due to her six prior misdemeanor convictions. Doc. #33, p. 2.

{¶ 5} Finally, on November 1, 2013, Taylor filed a motion to withdraw her guilty plea pursuant to Crim.R. 32.1. The trial court overruled the motion on November 20, 2013. Taylor appeals from the order denying the motion to withdraw her guilty plea.

## II. First And Second Assignments of Error

{¶ 6} Taylor's first and second assignments of error are interrelated, and state that:

The trial court erred when it denied Appellant's motion to withdraw guilty plea that was not made knowingly, intelligently, and voluntarily in that she was never advised of her eligibility for drug treatment in lieu of conviction.

Appellant was substantially and unfairly prejudiced by the failure to be advised of her eligibility for drug treatment in lieu of conviction and thereby her rights to counsel, due process, and equal protection under the United States and Ohio Constitutions were violated.

{¶ 7} In these two assignments of error, Taylor limits the challenge to her plea to the trial court's and her attorney's failure to advise her about eligibility for ILC and her attorney's failure to request ILC. However, neither Crim.R. 11 nor any other authority required the trial court to advise Taylor whether she was eligible for ILC. There is also no reasonable probability evident from the record that Taylor's counsel was deficient, or that the trial court would have granted ILC even if Taylor's attorney had made the request.

**{¶ 8}** At the time Taylor pled guilty, she was already under the Montgomery County Common Pleas Court's ILC supervision for an earlier, similar felony offense. Taylor advised the trial court that she understood that her plea of guilty to the new felony constituted a violation of her pending ILC supervision. *See* Transcript of Plea Hearing, pp. 3-4. Furthermore, the record and the plea transcript demonstrate that the trial court fully complied with all of the requirements of Crim.R. 11, and that Taylor's plea was knowingly, intelligently, and voluntarily made.

**{¶ 9}** Taylor claims that her prior counsel, who represented her at the change of plea hearing, was ineffective in failing to advise her of her eligibility for ILC or to make a request for ILC. According to Taylor, these failures undermine the validity of the plea.

**{¶ 10}** The affidavit Taylor submitted in support of her motion to withdraw her plea indicated that she: (1) was not advised of the possibility of ILC; (2) would have accepted ILC had it been offered; (3) would have successfully completed the treatment just as she had successfully completed probation; and (4) would not have a felony record as a result. In addition, Taylor averred that she was not informed of her eligibility for ILC until September, 2013. Doc. #34, Taylor Affidavit, ¶ 2, 3, and 7.

**{¶ 11}** In order to prevail on her claim that the plea was defective based on ineffective assistance of counsel, Taylor must show: (1) that her counsel's performance was deficient; and (2) that there is a reasonable probability that, but for counsel's errors, she would not have plead guilty. *State v. Xie*, 62 Ohio St. 3d 521, 524, 584 N.E.2d 715 (1992), citing *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), and *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). Under S*trickland*, "the defendant must show

that counsel's representation fell below an objective standard of reasonableness." *Strickland* at 688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S. Ct. 158, 100 L.Ed. 83 (1955).

{¶ 12}   During the plea hearing, Taylor told the trial court that she had discussed the charge, possible defenses, and motions with her attorney. Taylor also indicated that she was satisfied with her attorney's assistance and representation. Transcript of Plea Hearing, p. 4. Given the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, we cannot say that Taylor's attorney was necessarily professionally unreasonable or deficient for failing to advise Taylor of her eligibility for ILC. We also cannot conclude that he was professionally unreasonable or deficient for failing to request ILC at a change of plea hearing on the new charge that triggered revocation of Taylor's pending ILC supervision. Moreover, Taylor has not demonstrated prejudice from her attorney's claimed failures, because she has not established that it was reasonably probable that she would have been granted ILC (again), had her attorney requested it. Accordingly, the first and second assignments of error are overruled.

### III.   Third Assignment of Error

{¶ 13}   Taylor's third assignment of error states that:

Appellant suffered manifest injustice when the trial court abused its

discretion by denying appellant's motion to withdraw guilty plea without first conducting a hearing.

**{¶ 14}** "Crim. R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. Accordingly, a defendant who moves to withdraw his or her plea bears the burden of establishing a manifest injustice." (Citations omitted.) *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶12. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). "Under this standard, a post sentence motion to withdraw is allowable only in extraordinary cases." *Ogletree* at ¶ 12, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

**{¶ 15}** "We review a trial court's decision on a post-sentence motion to withdraw a guilty plea * * * for an abuse of discretion." (Citations omitted.) *Ogletree* at ¶ 11. An abuse of discretion involves a trial court's " 'failure to exercise sound, reasonable, and legal decision-making.' " *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). " 'Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed.' " *Ogletree* at ¶ 11, quoting *Xie*, 62 Ohio St. 3d at 527, 584 N.E.2d 715.

**{¶ 16}** After reviewing the record, we find no abuse of discretion on the trial court's part. As a preliminary matter, we note that "[u]ndue delay in filing a Crim.R. 32.1 motion 'is a

factor adversely affecting the credibility of the movant and militating against the granting of the motion.' " *State v. Kemp*, 2d Dist., Clark No. 2014 CA 32, 2014-Ohio-4607, ¶ 8, quoting *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324. In this vein, the delay in the case before us was significant, since almost twelve years passed between Taylor's plea and the filing of her motion to withdraw the plea. Furthermore, although Taylor's affidavit averred that she first learned of her eligibility for ILC in September, 2013, Taylor offered no explanation for her failure to earlier discover this fact.

{¶ 17} Taylor also contends that the trial court should have held a hearing on her motion. "The Supreme Court has held that a trial court should hold a hearing on a motion to withdraw a plea 'unless it is clear that denial of the motion is warranted.' " *Kemp* at ¶ 7, quoting *State v. Francis*, 104 Ohio St. 3d 490, 500, 2004-Ohio-6894, 820 N.E. 2d 355. As a result, trial courts are not required to conduct hearings on every post-sentence motion to withdraw a plea.

{¶ 18} "A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea." (Citation omitted.) *State v. Burkhart*, 2d Dist. Champaign No. 07-CA-26, 2008-Ohio-4387, ¶ 12. "In other words, '[t]o obtain a hearing, "a movant must establish a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice[.]" ' " *Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, at ¶ 13, quoting *State v. Tunstall*, 2d Dist. Montgomery No. 23730, 2010–Ohio–4926, ¶ 9. (Other citations omitted.) In this regard, "we have held that no hearing is required on a post-sentence motion to withdraw a plea where the motion is supported only by the movant's

own self-serving affidavit, at least where the claim is not supported by the record." (Citations omitted.) *State v. Stewart*, 2d Dist. Greene No. 2003-CA-28, 2004-Ohio-3574, ¶ 6. *Accord Ogletree* at ¶ 13.

{¶ 19} As an initial matter, we must stress that Taylor did not request a hearing. Secondly, based on our prior discussion, it is evident that Taylor's motion could be determined without a hearing on the information presented, and that denial of the motion was warranted. Therefore, the trial court did not abuse its discretion when it decided the merits of the motion without holding a hearing.

{¶ 20} As was noted, Taylor "bears the burden of establishing the existence of a manifest injustice, and whether that burden has been met is an issue within the discretion of the trial court." *Kemp,* 2d Dist. Clark No. 2014 CA 32, 2014-Ohio-4607, at ¶ 6, citing *State v. Blatnik*, 17 Ohio App.3d 201, 202, 478 N.E.2d 1016 (6th Dist.1984). (Other citation omitted.) After reviewing the record in its entirety, we conclude that Taylor did not demonstrate that the trial court abused its discretion. Accordingly, the third assignment of error is overruled.

## IV. Conclusion

{¶ 21} All of Taylor's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FAIN, J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Carlo C. McGinnis
Hon. Michael W. Krumholtz