[Cite as *State v. Hurt*, 2017-Ohio-5495.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2016-CA-11 |
| | : | |
| v. | : | T.C. NO. 90-CR-39 |
| | : | |
| JOHNNY W. HURT, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___23rd___ day of _____June_____, 2017.

. . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, 201 W. Main Street, Safety Building, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

JOHNNY W. HURT, JR., #263779, Allen Correctional Institute, 2338 North West Street, P. O. Box 4501, Lima, Ohio 45802
      Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Johnny W. Hurt, Jr., filed August 25, 2016. Hurt appeals from the trial court's July 28, 2016 "Decision and Judgment Entry Denying Motion to Withdraw Guilty Plea." We hereby affirm the judgment of the trial court.

{¶ 2} On March 13, 1990, Hurt was indicted on one count of aggravated murder, in violation of R.C. 2903.01(A) (Count I), and one count of attempted aggravated murder, in violation of R.C. 2923.02(A)(Count II). Count I contained a specification that the offense charged therein was part of a course of conduct involving the purposeful killing of, or attempt to kill, two or more persons, making Count I a capital offense. Count I also contained a firearm specification, as did Count II.

{¶ 3} On September 8, 1992, Hurt accepted a plea deal. In exchange for pleas of guilty to Counts I and II, the State agreed to drop the first specification to Count I, thereby no longer subjecting Hurt to the death penalty. The court sentenced Hurt to life on Count I, as well as three years on the firearm specification, and ordered the three year term to be served prior to the life sentence. The court sentenced Hurt to four to 25 years on Count II, as well as three years on the attendant firearm specification, and it ordered the three-year term to be served concurrently to the three-year term on Count I. Finally, the court ordered that the terms on Count I and Count II be served consecutively to each other. Hurt received credit for 948 days spent in the Miami County Jail.

{¶ 4} On June 30, 2016, Hurt filed his pro se motion to withdraw his guilty pleas, and he requested an evidentiary hearing on the motion. Hurt asserted that pursuant to his understating of the plea agreement, regardless of whether the court imposed consecutive or concurrent sentences, he would be eligible for release from prison "after the *second parole hearing* if he exhibited good behavior while in the prison system." He asserted that his first parole hearing occurred on January 5, 2009, and that the Ohio Adult Parole Authority ("OAPA") recognized his good behavior during incarceration and issued a 60 month continuance based upon the seriousness of Hurt's offenses. Hurt asserted

that his second parole hearing was held on November 6, 2013, and that the OAPA issued a 48 month continuance, again due to the serious nature of Hurt's offenses. Hurt asserted that on November 2, 2015, he mailed a Request for Reconsideration to the OAPA, and that on November 23, 2015, he received a denial of the request. Hurt asserted that the State breached the plea agreement when the OAPA "used altered or newly enacted legislation in their decision making process to determine" his parole eligibility.

{¶ 5} Hurt asserted that he was induced to enter his guilty pleas based upon his understanding, as explained to him by defense counsel, that the 1992 Ohio Parole Board Guidelines provided for his release from prison at his second parole hearing, as long as he exhibited good behavior in prison, since he had no prior convictions and no history of substance abuse. He asserted that "Ohio Courts have consistently held that existing statutory provisions are incorporated into a contract as implied terms of that contract and, that it is an elementary principle that any law relating to a contract which is in existence at the time of the execution of the contract becomes part of such contract."

{¶ 6} Hurt asserted that at his first and second parole hearings, the OAPA evaluated his parole eligibility "not as Ohio law mandated in 1992, but under newly revised and/or newly enacted laws and rules that could not have been considered implied terms of the 1992 plea agreement contract." Hurt argued that the "use of new statutory guidelines by the OAPA in determining parole suitability constitutes a direct consequence of Mr. Hurt's understanding of his plea agreement." He asserted that he "did not have a clear understanding that the OAPA would continuously change the standards for parole eligibility by using newly enacted statutes."

{¶ 7} Hurt asserted as follows:

Wherefore, the State of Ohio has violated the Plea Agreement Contract when the Ohio Adult Parole Authority incorporated Ohio Revised Code *§ 2930.16, 2930.17, 2967.03, 2967.12, 5120.60, 5120.66, 5139.55, 5149.10, 5149.101, 5120.114*, and *Ohio Administrative Code 5120-2-10* as new standards into their parole suitability decision making process by creating a new obligation upon the defendant, i.e., to demonstrate to the victim, unknown victim advocates, and unknown members of the general public as to Johnny Hurt's parole suitability.

{¶ 8} In overruling Hurt's motion, the trial court noted that "the Ohio Supreme Court has found that application of new parole guidelines which would change a defendant's parole eligibility date 'does not create an ex post facto imposition of punishment,' " citing *State ex rel. Henderson v. Ohio Dept. of Rehab & Corr.*, 81 Ohio St.3d 267, 268, 690 N.E.2d 887 (1998). The court further found that "a Criminal Rule 32.1 motion to withdraw a guilty plea is not the appropriate vehicle with which to challenge the [O]APA's alleged misuse of its parole guidelines or the alleged unconstitutional application of its guidelines," citing *State v. Young*, 2d Dist. Greene No. 2000 CA 26, 2000 WL 1162051 (Aug. 18, 2000), and *State v. Calhoun*, 10th Dist. Franklin No. 03AP-16, 2003-Ohio-5080. Quoting *Hattie v. Anderson*, 68 Ohio St.3d 232, 235, 626 N.E.2d 67 (1994), the trial court noted that " '[a] declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines.' " The court concluded that if Hurt "feels that the [O]APA has unconstitutionally misapplied the guidelines applicable to his parole eligibility, his remedy is a separate action for declaratory judgment."

{¶ 9} Hurt asserts three assignments of error herein. His first assignment of error

is as follows:

> THE TRIAL COURT ERRED IN DETERMINING THAT DECLARATORY JUDGMENT WAS THE PROPER REMEDY TO ENFORCE THE TERMS OF THE PLEA AGREEMENT.

{¶ 10} Hurt asserts that the "use of declaratory judgment in this case is unnecessary and inapplicable." He asserts as follows:

> * * * Hurt is not challenging the application of parole board guidelines to him; his eligibility date; or his suitability. Hurt is challenging the State of Ohio's enactment of retroactive laws that has increased Johnny Hurt's burden of establishing parole suitability by creating a moving target through the legislative enactment of new obstacles such as: parole procedures, victim advocate approval and victim's rights that were not part of Hurt's understanding of 1992 Ohio Statue's [sic] that set forth the criteria that he would have to meet for parole suitability at the time he entered into the plea agreement contract with the State of Ohio.

{¶ 11} Hurt asserts that retroactive laws are prohibited by the U.S. Constitution. According to Hurt, "since the controversy is between Hurt and the State of Ohio, not the Adult Parole Authority (OAPA) because the OAPA is not a party to the Plea Agreement Contract, declaratory judgment against the OAPA would be inapplicable." He asserts that "the validity of the plea agreement is an issue for the sentencing court to resolve." According to Hurt, a declaratory judgment action "will not terminate the issue of the State of Ohio breaching the plea agreement by adding additional implied terms after consideration of the contract had passed."

**{¶ 12}** The declaratory judgment statute provides:

> * * * [A]ny person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

R.C. 2721.03.

**{¶ 13}** The essential elements for declaratory relief are "(1) A real controversy between the parties; (2) which is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties." *Burger Brewing Co. v. Ohio Liquor Control Comm.,* 34 Ohio St.2d 93, 97, 296 N.E.2d 261 (1973).

**{¶ 14}** As this Court has noted:

> A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Accordingly, " 'Crim.R. 32.1 permits a court, upon motion, to set aside a defendant's conviction and permit the defendant to withdraw his or her plea of guilty or no contest after sentence

has been imposed in order "to correct manifest injustice." The manifest injustice standard demands a showing of extraordinary circumstances.' " (Citations omitted.) *State v. Reed*, 2d Dist. Clark No. 01CA0028, 2001 WL 1173329, *4 (Oct. 5, 2001).

*State v. Banks*, 2d Dist. Montgomery No. 25188, 2013–Ohio–2116, ¶ 8.

{¶ 15} As this Court has further noted: " * * * '[T]he defendant has the burden to prove the existence of manifest injustice.' " *State v. Wheeler,* 2d Dist. Montgomery No. 18717, 2002 WL 91304, * 1 (Jan. 25, 2002), quoting *State v. Hartzell,* 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999). " 'The term injustice is defined as the "withholding or denial of justice. In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual." * * *.' " *Id.*

{¶ 16} "An appellate court must affirm a trial court's ruling on a motion to withdraw a plea unless the court abused its discretion in making the ruling." *State v. Bradley,* 2d Dist. Montgomery No. 22542, 2008–Ohio–6033, ¶ 28. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." *State v. Garcia,* 2d Dist. Greene No. 2013–CA–51, 2014–Ohio–1538, ¶ 10.

{¶ 17} As noted by the trial court, the Supreme Court of Ohio held in *Hattie v. Anderson* that a "declaratory judgment action is the proper remedy to determine the constitutionality or constitutional application of parole guidelines." *Id.*, 235. Hurt's assertion that he is not challenging the application of the parole guidelines to him is belied by his assertion that enactment of new guidelines after his plea agreement increased his burden to establish suitability for parole. The trial court did not abuse its discretion in denying Hurt's motion to withdraw his pleas and determining that Hurt's proper remedy is

a separate declaratory judgment action. Accordingly, Hurt's first assignment of error is overruled.

{¶ 18} Hurt's second assignment of error is as follows:

THE STATE OF OHIO BREACHED THE PLEA AGREEMENT BY RETROACTIVELY INCREASING JOHNNY HURT'S BURDEN OF DEMONSTRATING PAROLE SUITABILITY BY ENACTING NEW LEGISLATION.

{¶ 19} Hurt again asserts that the State "may not retroactively increase the burden placed upon Hurt to prove his parole suitability once the State has established the burden standards through legislative enactment at the time that Hurt and the State of Ohio entered into the plea agreement contract." Hurt acknowledges that he has no constitutional right to parole. He asserts that the 1992 statutes that governed the OAPA at the time of the plea agreement are part of the contract, and that pursuant thereto, he "was only required to demonstrate that 1) he had 'no prior conviction'; 2) that he had 'no history of substance abuse' and: 3) that Johnny Hurt be a productive inmate and stay out of trouble." Hurt asserts that he did so.

{¶ 20} Hurt again cites R.C. 2930.16, 2930.17, 2967.03, 2967.12, 5120.60, 5139.55, 5139.56, 5149.10, 5149.101, 5120.114, and Ohio Admin. Code 5120-2-10, and he asserts as follows:

Johnny Hurt must now: 1) overcome the victim impact statement by demonstrating that he is more suitable for parole than the victim proclaims that he is not; 2) Johnny Hurt must now overcome the impact of the victim's testimony on the parole board members and the general public; 3) Johnny

Hurt must now overcome Roberta's law which requires additional hearings that permit victim representatives to lobby against Johnny Hurt's parole suitability; 4) Johnny Hurt must now overcome the recommendations made by Victim's Services to the OAPA; 5) Johnny Hurt now has to prove his parole suitability to a victim that has been appointed to be part of the parole decision making process; and 6) Johnny Hurt now has to prove his suitability passing the "Single Validated Risk Assessment Tool."

**{¶ 21}** Hurt asserts that "[p]ursuant to *Garner v. Jones*, 529 U.S. 244, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000), the court held that one can establish an ex post facto violation if they can show that a statute, rule or guideline on its face, shows a significant risk of increased incarceration."  He asserts that if a statute "does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the statute's * * * practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the current statute * * *."  Hurt asserts that he has established that the statutes at issue were enacted after his plea agreement and that their use has "disadvantaged" him by "adding additional criteria that Johnny Hurt must overcome and prove" to show parole eligibility.

**{¶ 22}**  As the trial court noted, application of new parole guidelines which change a defendant's parole eligibility date does not create an ex post facto imposition of punishment, and analysis of Hurt's second assignment of error is further rendered moot by our resolution of his first assignment of error, namely that a motion to withdraw his guilty pleas is not the appropriate vehicle to challenge his burden of demonstrating parole eligibility based on subsequent OAPA guidelines.  Accordingly, Hurt's second

assignment of error is overruled.

{¶ 23} Hurt's third assignment of error is as follows:

THE TRIAL COURT ERRED IN NOT HOLDING AN EVIDENTIARY

HEARING.

{¶ 24} Hurt asserts that in his motion to withdraw his pleas that he was not challenging the OAPA guidelines but that he challenged "the retroactive application of statutory law that changed the implied terms of the Guilty Plea Contract." He asserts that "under the Public Records Act Johnny Hurt is only permitted certain records from the State of Ohio (i.e., from the OAPA) as an incarcerated person and therefore an evidential [sic] hearing would have permitted Johnny Hurt to present overwhelming evidence that would have certainly proved the 'increased burden' factor through the use of Subpoena Duces Tecum against the State of Ohio." He asserts that the "State of Ohio bargained for a plea agreement under one set of statutory law, reaped the benefits of the agreement while Johnny Hurt was incarcerated, and when it was time to consider his parole suitability * * * enacted new legislation governing parole suitability determination * * *." Hurt asserts that once he "alleged that the State of Ohio violated the terms of the plea agreement the trial court had a duty as the trier of fact to determine in an open hearing, the nature of the State's promise and whether the [S]tate actually breached the agreement through that evidential [sic] hearing." Hurt asks this Court to "remand this case back to the trial court for an evidential [sic] hearing to determine the proper mode of correcting this manifest injustice."

{¶ 25} " '[A]n evidentiary hearing is not required on every post-sentence motion to withdraw a plea. *State v. Stewart,* 2d Dist. Greene No. 2003-CA-28, 2004-Ohio-3574."

*State v. Grier*, 2d Dist. Greene No. 2006 CA 61, 2007-Ohio-2597, ¶ 6. "In *State v. Francis,* 104 Ohio St.3d 490, 500, 2004-Ohio-6894, 820 N.E.2d 355, the supreme court stated that the court should hold a hearing on a motion to withdraw a plea 'unless it is clear that denial of the motion is warranted.' " *Grier*, *id.*

{¶ 26}  Since the trial court correctly determined Hurt's Crim.R. 32.1 motion was not the appropriate vehicle for his arguments regarding the parole guidelines, denial of Hurt's motion was warranted, and an evidentiary hearing was accordingly not required. Hurt's third assignment of error is overruled.

{¶ 27} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and TUCKER, J., concur.

Copies mailed to:

Paul M. Watkins
Johnny W. Hurt, Jr.
Hon. Christopher Gee