**[Cite as *State v. Hurt*, 2018-Ohio-5161.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-7 |
| | : | |
| v. | : | Trial Court Case No. 1990-CR-39 |
| | : | |
| JOHNNY W. HURT, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of December, 2018.

. . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Miami County Prosecutor's Office, Appellate Division, Safety Building, 201 W. Main Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

JOHNNY W. HURT, JR., #263-779, P.O. Box 4501, Lima, Ohio 45802
      Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Johnny W. Hurt, Jr. appeals pro se from the trial court's decision and judgment entry overruling his second post-sentence motion to withdraw a guilty plea.

{¶ 2} Hurt advances three assignments of error. First, he contends the trial court erred in finding his motion barred by the doctrine of res judicata. Second, he claims the trial court's denial of his motion was inconsistent with his showing of a manifest injustice. Third, he asserts that the trial court erred in finding a declaratory judgment action, rather than a plea-withdrawal motion, to be the proper vehicle for him to seek relief.

{¶ 3} In 1992, Hurt pled guilty to aggravated murder and attempted aggravated murder as part of a plea bargain and was sentenced accordingly. This court affirmed on direct appeal. *See State v. Hurt*, 2d Dist. Miami No. 95-CA-43, 1996 WL 221753 (May 3, 1996) (*Hurt I*). In June 2016, Hurt filed a pro se motion to withdraw his guilty plea. (Doc. # 165.) He alleged that the State breached his plea agreement when the Ohio Adult Parole Authority (OAPA) relied on new legislation to alter its guidelines and deny him parole. The trial court overruled his motion. It held that a declaratory judgment action was the proper vehicle for Hurt to raise his argument. (Doc. # 167). We affirmed in *State v. Hurt*, 2d Dist. Miami No. 16-CA-11, 2017-Ohio-5495 (*Hurt II*). We agreed with the trial court's determination that a declaratory judgment action was the proper way for Hurt to pursue relief. *Id*. at ¶ 10-17. We also held that the application of new parole guidelines did not create an ex post facto imposition of punishment even if they did negatively impact Hurt's parole eligibility. *Id*. at ¶ 19-22. Finally, we concluded that Hurt was not entitled to a hearing on his plea-withdrawal motion. *Id*. at ¶ 24-26.

{¶ 4} Following another denial of parole, Hurt filed a second plea-withdrawal

motion in January 2018. (Doc. # 173). He argued that the most recent denial of parole constituted another breach of his plea agreement. As in his earlier motion, he alleged the State's violation of his plea agreement based on statutory changes that purportedly impacted his suitability for parole and the OAPA's decision to deny him parole. The trial court overruled Hurt's motion on the basis of res judicata, finding that the motion advanced the same legal theory as his unsuccessful 2016 motion. Alternatively, the trial court held that he had not established a manifest injustice entitling him to withdraw his plea even if res judicata did not apply. Finally, the trial court again concluded, as we did in the appeal of the denial of appellant's 2016 plea-withdrawal motion, that a declaratory judgment action is the proper way for Hurt to seek relief regarding the application of parole procedures to his sentence. (Doc. # 175).

{¶ 5} In his first assignment of error, Hurt challenges the trial court's reliance on res judicata to overrule his motion. He argues in his opening brief and in his reply brief that his prior motion alleged a breach of his plea agreement based on the OAPA's use of changed parole *guidelines*. Hurt insists that his 2018 motion was different because it alleged a breach of his plea agreement based on the OAPA's reliance on changed *statutes* to deny him parole.[1] But this argument is one of semantics. In both motions, Hurt alleged a breach of his plea agreement based on statutory changes that allegedly forced the OAPA to apply more stringent guidelines to deny him parole. He cannot avoid the

---

[1] In his appeal from the trial court's denial of his first plea-withdrawal motion, Hurt alleged the opposite. He claimed there that he was not challenging the application of parole guidelines to him. Rather, he claimed he was challenging the enactment of retroactive statutes. We rejected this argument, reasoning: "Hurt's assertion that he is not challenging the application of the parole guidelines to him is belied by his assertion that enactment of new guidelines after his plea agreement increased his burden to establish suitability for parole." *Hurt II* at ¶ 17.

preclusive effect of res judicata by claiming that his former motion invoked the word "guidelines" whereas his current motion emphasizes the word "statutes." Having reviewed our decision in *Hurt II* and both plea-withdrawal motions, we conclude that the substantive issue raised by the two motions is the same.

{¶ 6} This court held in *Hurt II* that the proper vehicle for Hurt to obtain relief is a declaratory judgment action, not a plea-withdrawal motion. Because we resolved that issue in a prior action between the same parties, the issue-preclusion branch of res judicata precludes Hurt from asserting that legislative changes once again adversely impacted his ability to obtain parole and entitle him to withdraw his plea. Issue prelusion "holds that * * * a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties * * *." *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998). The trial court did not err in finding the issue-preclusion branch of res judicata to be applicable here. Hurt's first assignment of error is overruled.

{¶ 7} Even without regard to issue preclusion, we also affirm the trial court's judgment on the basis of stare decisis. In his third assignment of error, Hurt contends the trial court erred in holding that the proper way for him to pursue relief is a declaratory judgment action. As set forth above, we reached that same conclusion in *Hurt II* when confronted with essentially the same issue between the same parties. On the authority of *Hurt II*, we again hold that a declaratory judgment action is the proper way for Hurt to seek relief about application of parole procedures to his sentence. *See also Smith v. Ohio Adult Parole Auth.*, 2d Dist. Champaign No. 2009 CA 22, 2010-Ohio-1131 (involving a

complaint for declaratory and injunctive relief based on an alleged breach of a plea agreement when the OAPA applied amended guidelines to assess the appellant's parole suitability). The third assignment of error is overruled.

{¶ 8} In his second assignment of error, Hurt contends the trial court erred in alternatively finding no manifest injustice warranting withdrawal of his plea. He also suggests that an evidentiary hearing was necessary. We disagree. Hurt's manifest-injustice argument is rendered moot by our determination that a plea-withdrawal motion is not the proper way for him to seek relief based on statutory or OAPA guideline changes to parole suitability. Moreover, since a plea withdrawal-motion is not the proper vehicle for Hurt to seek relief, it follows that the trial court was not required to hold an evidentiary hearing. *Hurt II* at ¶ 26. The second assignment of error is overruled.

{¶ 9} For the foregoing reasons, the judgment of the Miami County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Paul M. Watkins
Johnny W. Hurt, Jr.
Hon. Christopher Gee