[Cite as *State v. Dorsey*, 2021-Ohio-226.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28755 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-4041 |
| | : | |
| DEJANAE LEECHE DORSEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of January, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

STEVEN H. ECKSTEIN, Atty. Reg. No. 0037253, 1208 Bramble Avenue, Washington Court House, Ohio 43160
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Dejanae Leeche Dorsey, appeals from a judgment of the Montgomery County Court of Common Pleas overruling her motion to withdraw her guilty plea. On August 17, 2020, Dorsey's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. On August 31, 2020, this court notified Dorsey that her counsel found no meritorious claims to present on appeal and granted Dorsey 60 days to file a pro se brief assigning any errors for review. Dorsey, however, has not filed a pro se brief. We have conducted an independent review of the record as required by *Anders* and have found no issues with arguable merit for appeal. Therefore, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On December 18, 2018, a Montgomery County grand jury returned an indictment charging Dorsey with two second-degree-felony counts of felonious assault, one count in violation of R.C. 2903.11(A)(2) (deadly weapon), and the other count in violation of R.C. 2903.11(A)(1) (serious physical harm). The charges stemmed from allegations that on June 13, 2018, Dorsey struck the victim, T.W., with a vehicle, causing T.W. to suffer physical injuries that required hospitalization.

{¶ 3} On May 21, 2019, Dorsey entered into a plea agreement with the State and pled guilty to one count of felonious assault with a deadly weapon. In exchange for Dorsey's guilty plea, the State agreed to dismiss the other felonious assault charge. The State also agreed to cap Dorsey's prison sentence at five years. The five-year sentencing cap also applied to a fourth-degree-felony count of improperly handling a

firearm in a motor vehicle to which Dorsey pled guilty in Montgomery C.P. No. 2018-CR-2032. Therefore, the parties agreed that Dorsey would not receive more than five years in prison for both cases.

{¶ 4} After being advised of the plea agreement, the trial court notified Dorsey that the sentencing judge would determine whether to apply the five-year sentencing cap, as the cap was conditioned on Dorsey's staying out of trouble, showing up to all court appearances, and abiding by her electronic home detention program ("EHDP"). The trial court thereafter conducted a Crim.R. 11 plea colloquy and accepted Dorsey's guilty plea as knowingly, intelligently, and voluntarily entered.

{¶ 5} Although Dorsey's sentencing hearing was originally scheduled for June 18, 2019, the hearing was accelerated to June 11th due to Dorsey's being arrested for violating her EHDP. During sentencing, the trial court imposed five years in prison for felonious assault and 18 months in prison for improperly handling a firearm in a motor vehicle in Case No. 2018-CR-2032. The trial court ordered those prison terms to be served concurrently for a total term of five years in prison.

{¶ 6} With the assistance of new counsel, on June 14, 2019, Dorsey filed a motion to withdraw her guilty plea and a supporting affidavit. As part of her motion, Dorsey argued that she did not commit the felonious assault at issue. In support of that claim, Dorsey attached multiple Facebook messages that Dorsey claimed were written by the victim. The messages contained statements indicating that the victim knew that Dorsey was innocent and that the victim had been paid an undisclosed sum of money to say that Dorsey was her assailant. In her affidavit, Dorsey also claimed that some of her relatives received Facebook calls from the victim requesting $15,000 to tell the truth about

Dorsey's innocence.

{¶ 7} In addition to arguing her innocence, Dorsey claimed that her prior trial counsel tricked her into accepting the plea agreement by telling her that the agreement was for five years of probation, not prison. Also, in an effort to have her motion to withdraw her guilty plea reviewed under the more lenient presentence standard, Dorsey argued that the acceleration of her sentencing hearing deprived her of the opportunity to withdraw her guilty plea prior to sentencing. Dorsey claimed that on June 10, 2019, she had retained new counsel to assist her in withdrawing her guilty plea, but that she and her new counsel were unaware that her sentencing hearing had been accelerated to June 11, 2019.

{¶ 8} A hearing on Dorsey's motion to withdraw her guilty plea was held over the course of three dates—November 21, 2019, December 18, 2019, and January 16, 2020. The hearing was continued several times so that both parties could procure their witnesses. Dorsey was also granted a continuance on September 23, 2019, due to her retaining new trial counsel.

{¶ 9} During the hearing, the State presented Dorsey's EHDP supervisor, Lafayette Christian, who testified regarding Dorsey's EHDP violation and her subsequent arrest. The State also presented Dorsey's prior trial counsel, Leo Patrick Mulligan. After Dorsey waived her attorney-client privilege on the record, Mulligan testified regarding his representation of Dorsey. Mulligan testified that he never promised Dorsey that she would get five years of probation for her guilty plea. Mulligan also testified that he and Dorsey discussed the State's plea offer, which included a sentencing cap of five years in prison for the instant case and Case No. 2018-CR-2032. Mulligan further

testified that Dorsey understood the plea offer and noted that the offer was very favorable, given that the discovery included an absolute identification of Dorsey as the individual who hit the victim.

{¶ 10} The State also presented the victim, T.W., who testified regarding the Facebook messages attached to Dorsey's motion to withdraw her guilty plea. When T.W. reviewed a copy of the messages at the hearing, she testified that the messages were not written by her and were fake. T.W. also testified that the father of Dorsey's child offered her money to say that Dorsey was innocent. T.W. further testified that she never took money from anyone and that she was 100 percent certain that Dorsey was the person who hit her with a vehicle.

{¶ 11} Dorsey testified on her own behalf at the hearing and admitted that she was aware of the Facebook messages prior to entering her guilty plea. Dorsey also testified that she was never notified that her sentencing hearing would be accelerated to June 11, 2019. Dorsey further testified that her prior counsel, Mulligan, told her that she could not go to trial because the trial court judge did not like her, and that she would receive five years of probation if she entered a guilty plea. Dorsey also presented an acquaintance, Rosalind Miller, who testified to overhearing a speakerphone conversation between Dorsey and Mulligan. Miller testified that during the conversation, she heard Mulligan tell Dorsey that Dorsey would get five years of probation if she entered a guilty plea.

{¶ 12} On March 17, 2020, the trial court issued a decision overruling Dorsey's motion to withdraw guilty plea. Dorsey thereafter appealed from that decision. In proceeding with the appeal, Dorsey's appellate counsel filed an *Anders* brief asserting the absence of any non-frivolous issues for appeal and raising one potential assignment

of error for review.

## Standard of Review

{¶ 13} Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous. *Id.* at 744. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 14} If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel*, 2d Dist. Champaign No. 2010-CA-13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, "[i]f we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Marbury* at ¶ 7, citing *Pullen*.

## Potential Assignment of Error

{¶ 15} As a potential assignment of error, Dorsey's appellate counsel suggests that

the trial court's judgment overruling Dorsey's motion to withdraw her guilty plea was an abuse of discretion because the trial court judge exhibited "open disdain" for Dorsey at the hearing on her motion. Counsel asserts that the trial court's disdain was demonstrated in the following discussion:

> DEFENSE COUNSEL:  Okay.  And did Pat Mulligan represent to you at any point in time what your sentence or did he represent anything to you regarding a sentence?
>
> DORSEY:  Yeah.  He told me it can be six months up to five years * * *. And he said yeah, but he said that I couldn't plead not guilty because [the trial court judge] does not like me.
>
> TRIAL COURT:  Look.  She can have any opinion she wants because she's never been responsible for her behavior –
>
> DEFENSE COUNSEL:  I know but –
>
> TRIAL COURT:  -- in here.  She can say any darn thing she wants.  Go ahead.
>
> DEFENSE COUNSEL:  All right.  Thank you.
>
> TRIAL COURT:  I don't know why, ma'am I would not like you –
>
> DORSEY:  No, I –
>
> TRIAL COURT:  -- because I don't even know you.
>
> DORSEY:  Yeah, I know.
>
> * * *
>
> DORSEY:  He was saying that – I asked him can I take it to trial.  He said no because – I guess because of the case.  He really – I really didn't

understand what he was saying when I came in (indiscernible) plea not guilty. And all he would tell me what that the problem with me and [the trial court judge] and that – because I don't take responsibility things that I do [sic]. But I had plead out [sic] to the three years' probation for my F-4 case.

TRIAL COURT: There was no agreement as to probation in that case.

DORSEY: Yeah, he told me I had probation for that case.

TRIAL COURT: Mr. Slicer [defense counsel], there's no agreement as to probation in that case.

DEFENSE COUNSEL: I don't recall that because I was just –

TRIAL COURT: There's no agreement whatsoever, at all, regarding sentencing in that case. It's very clear from the record.

Motion to Withdraw Plea Hearing Trans., p. 13-16.

{¶ 16} Even if we were to find that the trial court judge exhibited disdain toward Dorsey, the record establishes that the judge overruled Dorsey's motion to withdraw her guilty plea after engaging in the proper legal analysis and after providing sound reasoning for its decision.

{¶ 17} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Despite Dorsey's filing her motion to withdraw her guilty plea after being sentenced, the trial court reviewed it as a presentence motion.

{¶ 18} "The presentence standard is far more lenient than the 'manifest injustice'

standard applicable to post-sentence motions." (Citation omitted.) *State v. Goodwin*, 2d Dist. Montgomery No. 28681, 2020-Ohio-5274, ¶ 43. "Under Crim.R. 32.1, a presentence motion to withdraw a guilty plea 'should be freely and liberally granted.' " *Id.*, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, "[a] defendant does not have an absolute right to withdraw his plea, even if the motion is made prior to sentencing." *State v. Hess*, 2d Dist. Montgomery No. 24453, 2012-Ohio-961, ¶ 18, citing *Xie* at paragraph one of the syllabus.

{¶ 19} When evaluating whether a trial court has abused its discretion in overruling a presentence motion to withdraw a plea, this court has adopted the following nine factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995):

(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea.

*State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 29, quoting *State v. Massey*, 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 11. (Other citation omitted.)

{¶ 20} "In considering these factors, the trial court employs a balancing test; no

single factor is dispositive." *Warrix* at ¶ 30, citing *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20. However, "[t]he ultimate question for the trial court is whether there is a 'reasonable and legitimate basis for the withdrawal of the plea.' " *Id.*, quoting *Xie* at 527. A change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw his or her plea. *State v. Maddickes*, 2d Dist. Clark No. 2013-CA-7, 2013-Ohio-4510, ¶ 15.

{¶ 21} That said, it is within the sound discretion of the trial court to grant or deny a motion to withdraw a plea. *Xie,* 62 Ohio St.3d 526, 584 N.E.2d 715. We will not reverse a trial court's decision to overrule a motion to withdraw a guilty or no contest plea absent an abuse of discretion. *Id.* at 527, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. "No abuse of discretion in denying a pre-sentence motion to withdraw a guilty plea is demonstrated where: (1) the accused is represented by highly competent counsel, (2) the accused was afforded a full hearing, pursuant to Crim.R. 11, before entering the plea, (3) after the motion to withdraw is filed the accused is given a complete and impartial hearing on the motion, and (4) the record reveals that the trial court gave full and fair consideration to the plea withdrawal request." *State v. Donaldson*, 2d Dist. Greene No. 06-CA-110, 2007-Ohio-5756, ¶ 7, citing *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980).

{¶ 22} In this case, the record reflects that Dorsey was represented by highly competent counsel. Dorsey's prior counsel, Mulligan, testified to being a practicing attorney for 35 years and to almost exclusively confining his practice to criminal defense.

Mulligan also testified to meeting with Dorsey on numerous occasions during which they had complete discussions about Dorsey's pending cases, the discovery, Mulligan's assessment of the cases, and the State's plea offer. Mulligan further testified that he was prepared to proceed to trial if Dorsey rejected the State's plea offer. The record establishes that Mulligan made a thorough and complete assessment of the facts, made recommendations to Dorsey, and engaged in plea discussions on Dorsey's behalf, which resulted in a favorable plea agreement. Accordingly, the competence-of-counsel factor does not weigh in favor of withdrawing Dorsey's guilty plea.

{¶ 23} The record also establishes that Dorsey was afforded a full Crim.R. 11 plea hearing. The transcript of the plea hearing establishes that the trial court advised Dorsey of all of the constitutional rights she was waiving by pleading guilty and ensured that Dorsey's plea was being made voluntarily with an understanding of the nature of the charges, the maximum penalty, the effect of the plea, and that, upon acceptance of the plea, the court may proceed to judgment and sentence. *See* Crim. R. 11(C)(2)(a)-(c). The record of the plea hearing also establishes that Dorsey was aware that the terms of the plea agreement included a sentencing cap of five years in prison, not probation. Thus, the plea-hearing factor does not weigh in favor of withdrawing Dorsey's guilty plea.

{¶ 24} The record also indicates that Dorsey was given a complete, impartial evidentiary hearing on the motion to withdraw her guilty plea. The evidentiary hearing took place over three dates that were spread out between November 2019 and January 2020. The trial court continued the hearing on numerous occasions so that both parties could procure their witnesses. Dorsey testified on her own behalf at the hearing, presented witness testimony from Rosalind Miller, and submitted evidence of the

Facebook messages allegedly written by the victim. Therefore, the record establishes that Dorsey was afforded a full hearing on her motion. Accordingly, that factor does not weigh in favor of withdrawing Dorsey's guilty plea.

{¶ 25} Lastly, it is clear from the record that the trial court gave full and fair consideration to Dorsey's motion to withdraw her guilty plea. When ruling on the motion, the trial court considered all nine presentence factors. In addition to considering the competence of Dorsey's trial counsel and whether Dorsey received a full Crim.R. 11 plea hearing and a complete, impartial evidentiary hearing on her motion to withdraw her guilty plea, the trial court also considered the factors that favored Dorsey. Those factors included the timeliness of Dorsey's motion and the lack of any prejudice against the State if Dorsey's guilty plea were withdrawn.

{¶ 26} The trial court also considered Dorsey's reasons for wanting to withdraw her guilty plea (that she was innocent and did not understand the plea) and found that they lacked credibility. The trial court also found that the record was devoid of any indication that Dorsey did not understand the nature of her charges and the possible penalties. The trial court further found that Dorsey lacked a complete defense based on Mulligan's testimony regarding her case.

{¶ 27} After weighing the nine presentence factors in detail, the trial court reasonably concluded that the evidence did not support Dorsey's claim that her guilty plea was less than knowing and voluntary and found that there was no legitimate basis for Dorsey to withdraw her plea. Therefore, regardless of any negative feelings or disdain that Dorsey may have sensed from the trial court judge at the hearing on her motion to withdraw her plea, the record does not indicate that the trial court abused its discretion in

overruling the motion. The record establishes that the trial court provided a thoughtful, detailed analysis that supported its decision to overrule Dorsey's motion to withdraw her guilty plea. Accordingly, the sole potential assignment of error raised by Dorsey's appellate counsel lacks arguable merit.

## Conclusion

{¶ 28} After conducting an independent review of the record as required by *Anders*, we find that, based on the facts and relevant law involved, there are no issues with arguable merit to present on appeal. Therefore, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Steven H. Eckstein
Dejanae Leeche Dorsey
Hon. Mary Katherine Huffman