[Cite as *State v. Gilbreath*, 2022-Ohio-3759.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-37 |
| | : | |
| v. | : | Trial Court Case Nos. 2017-CR-753 |
| | : | |
| CHRISTOPHER GILBREATH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of October, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0095950, 2290 Lakeview Drive, Suite A, Beavercreek, Ohio 45431
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, Christopher Gilbreath, appeals from a judgment of the Clark County Court of Common Pleas denying his post-sentence motion to withdraw his guilty plea. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

**{¶ 2}** On December 14, 2017, a Clark County grand jury returned an indictment charging Gilbreath with single counts of failure to comply with the order or signal of a police officer, vandalism, obstructing official business, and felonious assault of a peace officer. The charges arose after Gilbreath engaged in a high speed chase with Springfield police officers on the night of November 22, 2017, and caused damage to a police cruiser.

**{¶ 3}** The police report prepared as a result of the incident indicated that on the night in question, police officers were investigating a report of suspicious activity involving a vehicle in the area of Sherman Avenue and Farlow Street in Springfield, Ohio. After the investigating officers arrived at the scene, they observed the subject vehicle stopped in front of a house on Sherman Avenue; the officers parked their police cruisers both at the front and rear of the vehicle. When one of the officers attempted to exit his cruiser to approach the vehicle, the driver, later identified as Gilbreath, put the vehicle into reverse and hit the back of the cruiser, causing the officer to have to jump back into the cruiser to avoid being hit. After hitting the police cruiser, Gilbreath drove away and led the officers on a high-speed chase until he crashed into a vehicle parked on West Euclid

Avenue. Gilbreath then exited the vehicle and attempted to flee on foot, but he was apprehended and arrested by the officers.

{¶ 4} On June 14, 2018, Gilbreath, who was represented by counsel, entered a guilty plea to a reduced charge of attempted felonious assault of a peace officer in violation of R.C. 2903.11(A)(2) and R.C. 2923.02, a felony of the second degree. In exchange for his guilty plea, the State agreed to dismiss the other charges and to have a presentence investigation ("PSI") conducted prior to sentencing. After conducting a plea colloquy in compliance Crim.R. 11, the trial court accepted Gilbreath's guilty plea and found him guilty of attempted felonious assault of a peace officer. The trial court then referred the case to the adult probation department for a PSI and scheduled the matter for sentencing. On July 26, 2018, the trial court sentenced Gilbreath to eight years in prison for the single count of attempted felonious assault of a peace officer. Gilbreath appealed from his conviction, which this court affirmed in *State v. Gilbreath*, 2d Dist. Clark No. 2018-CA-91, 2019-Ohio-642.

{¶ 5} Over a year later, on June 11, 2020, Gilbreath filed a pro se motion to withdraw his guilty plea; a supporting affidavit and the police report were attached to the motion. In the motion, Gilbreath argued that his guilty plea should be vacated based on ineffective assistance of counsel. Specifically, Gilbreath argued that his trial counsel provided ineffective assistance because counsel induced him to plead guilty to attempted felonious assault of a peace officer, an offense which Gilbreath claimed he could not have been convicted of at trial. Gilbreath claimed that he could not have been convicted of attempted felonious assault because the police report showed that he was acting "under

a sudden fit of rage or passion" during the incident in question due to his fear of being apprehended by the police. Because of this, Gilbreath claimed that the evidence would have established that he had committed the lesser offense of attempted aggravated assault under R.C. 2903.12(A)(2) and R.C. 2923.02, and therefore he should not have been advised to plead guilty to attempted felonious assault of a peace officer. The trial court, however, found that Gilbreath had failed to demonstrate a manifest injustice warranting the withdrawal of his guilty plea and denied Gilbreath's motion without an evidentiary hearing.

{¶ 6} Gilbreath now appeals from the trial court's decision denying his post-sentence motion to withdraw guilty plea, raising a single assignment of error for review.

**Assignment of Error**

{¶ 7} Gilbreath contends that the trial court erred by denying his post-sentence motion to withdraw his guilty plea. We disagree.

{¶ 8} Appellate courts review a trial court's ruling on a motion to withdraw a guilty plea for abuse of discretion. *State v. Rozell*, 2018-Ohio-1722, 111 N.E.3d 861, ¶ 25 (2d Dist.), citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. "A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. Most instances of abuse of discretion occur when a trial court makes a decision that is unreasonable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553

N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.* " 'Absent an abuse of discretion on the part of the trial court * * *, its decision must be affirmed.' " *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶ 11, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 9} "Under Crim.R. 32.1, a trial court may permit a defendant to withdraw a plea after imposition of sentence only to correct a manifest injustice." (Citations omitted.) *State v. Ray*, 2d Dist. Champaign No. 2019-CA-31, 2020-Ohio-4769, ¶ 11. The burden to prove the existence of a manifest injustice in a post-sentence motion to withdraw a plea rests upon the defendant. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus; *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, 869 N.E.2d 708, ¶ 20 (2d Dist.). The defendant " 'must establish a reasonable likelihood that withdrawal of his plea is necessary to correct a manifest injustice before a trial court must hold a hearing on his motion.' " *Ray* at ¶ 14, quoting *State v. Stewart*, 2d Dist. Greene No. 2003-CA-28, 2004-Ohio-3574, ¶ 6.

{¶ 10} A defendant may establish a manifest injustice " 'by showing that he did not enter the guilty plea in a knowing, intelligent, or voluntary manner.' " *State v. Leifheit*, 2d Dist. Clark No. 2019-CA-78, 2020-Ohio-5106, ¶ 16, quoting *State v. Riley*, 4th Dist. Washington No. 16CA29, 2017-Ohio-5819, ¶ 18. (Other citations omitted.) "To ensure that a defendant is entering a felony plea knowingly, intelligently, and voluntarily, the trial court must engage the defendant personally and explain the rights set forth in Crim.R. 11(C)(2) before accepting the plea." *State v. Harris*, 2d Dist. Clark No. 2020-CA-29,

2021-Ohio-1431, ¶ 8, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 27.

**{¶ 11}** In this appeal, Gilbreath does not specifically argue that the trial court failed to engage him personally and explain the rights set forth in Crim.R. 11(C)(2) during his plea hearing. Indeed, the record of the plea hearing establishes that the trial court complied with all the requirements under Crim.R. 11(C)(2). Gilbreath does, however, attempt to analogize the holdings in *United States v. Stubbs*, 279 F.3d 402 (6th Cir.2002) and *Smith v. United States*, 400 F.2d 860 (6th Cir.1968), wherein the Sixth Circuit Court of Appeals held that the defendants' guilty pleas were not knowingly, intelligently, and voluntarily entered because, at the plea hearing, the trial court provided misinformation about the defendant's potential sentence and/or failed to correct the defendant's mistaken belief about his potential sentence. *Stubbs* and *Smith* are clearly distinguishable from this case given that the trial court did not provide Gilbreath with any misinformation at the plea hearing and fully complied with Crim.R. 11(C)(2). Accordingly, Gilbreath's reliance on the holdings in *Stubbs* and *Smith* is improper.

**{¶ 12}** Gilbreath also argues that his guilty plea should have been vacated due to his trial counsel's providing ineffective assistance. It is well established that " '[i]neffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of a guilty plea.' " *State v. Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, ¶ 9, quoting *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 18 (10th Dist.). As previously discussed, Gilbreath argued in his motion to withdraw his guilty plea that his trial counsel was ineffective because

counsel induced him to plead guilty to attempted felonious assault of a peace officer when, according to Gilbreath, he could not have been convicted of that offense at a trial, because the police report of the incident in question contained facts establishing that he had acted under a sudden fit of rage or passion, which supported a charge for attempted aggravated assault, not attempted felonious assault.

{¶ 13} It is true that " 'felonious assault is reduced to aggravated assault if the offender is 'under the influence of sudden passion or in a sudden fit of rage * * * brought on by serious provocation occasioned by the victim.' " *State v. Conley*, 2015-Ohio-2553, 43 N.E.3d 775, ¶ 33 (2d Dist.) quoting R.C. 2903.12(A). (Other citation omitted.). The term "serious provocation" has been described as provocation that is "reasonably sufficient to bring on extreme stress and * * * to incite or to arouse the defendant into using deadly force." *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph five of the syllabus. "Classic examples of serious provocation are assault and battery, mutual combat, illegal arrest and discovering a spouse in the act of adultery." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 60, citing *State v. Shane*, 63 Ohio St.3d 630, 635, 590 N.E.2d 272 (1992).

{¶ 14} Contrary to Gilbreath's claim otherwise, the content of the police report in question did not support the offense of attempted aggravated assault; the police report did not establish serious provocation on the part of the investigating officers, as nothing in the police report indicated that the officers engaged in conduct that would have incited an ordinary person to use deadly force against them. The police report merely established that the officers parked their cruisers at the front and rear of Gilbreath's

vehicle and that Gilbreath attempted to hit an officer with his vehicle as he fled the scene.

{¶ 15} Furthermore, Gilbreath fails to consider the fact that he was originally charged with felonious assault of a peace officer, not *attempted* felonious assault of a peace officer, and that there were several other charges brought against him, including failure to comply with the order or signal of a police officer, vandalism, and obstructing official business, for which he could have been tried and possibly found guilty. Gilbreath's trial counsel, however, negotiated a favorable plea agreement that resulted in the State's dismissal of the charges for failure to comply, vandalism, and obstructing official business and reduction of the original charge of felonious assault to attempted felonious assault. In doing so, Gilbreath's trial counsel significantly lessened Gilbreath's sentencing exposure. Accordingly, we fail to see how counsel was ineffective in negotiating Gilbreath's guilty plea to attempted felonious assault of a peace officer.

{¶ 16} We also note that the affidavit Gilbreath attached to his motion to withdraw his guilty plea merely averred that he would not have pled guilty to attempted felonious assault of a peace officer but for his counsel's advice. By itself, such a self-serving affidavit is insufficient to demonstrate a manifest injustice warranting the withdrawal of his guilty plea. *State v. Honaker*, 10th Dist. Franklin No. 04AP-146, 2004-Ohio-6256, ¶ 9, citing *State v. Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564 ("generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice").

{¶ 17} For his final argument, Gilbreath contends that the trial court should have allowed him to withdraw his guilty plea, or, at the very least, should have held an evidentiary hearing on his motion to withdraw his guilty plea, based on: (1) the number of

court-appointed counsels he received during this appeal; (2) the long duration of this appeal;[1] (3) the fact that he was only 19 years old at the time he entered his guilty plea; and (4) because he received the maximum possible prison sentence for his offense.

{¶ 18} With regard to Gilbreath's age, at no point in time did Gilbreath ever argue before the trial court that his young age caused an issue that prevented him from knowingly, intelligently, and voluntarily entering his guilty plea. " 'It is settled law that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed.' " *State v. Luther*, 2d Dist. Montgomery No. 28908, 2021-Ohio-2697, ¶ 21, quoting *State v. Schneider*, 2d Dist. Greene No. 1995-CA-18, 1995 WL 737910, *1 (Dec. 13, 1995). Therefore, because the trial court was not given the opportunity to consider the claim that Gilbreath's young age affected the knowing, intelligent, and voluntary nature of his guilty plea, it will not be addressed for the first time in this appeal. *See State v. Becraft*, 2017-Ohio-1464, 89

---

[1] The record indicates that the long duration of this appeal is attributable to several factors. On October 5, 2020, Gilbreath filed a motion to file a delayed appeal from the trial court's judgment denying his motion to withdraw guilty plea, which this court granted. Gilbreath was thereafter appointed an appellate counsel who requested multiple extensions to file an appellate brief due to issues with receiving the transcripts of the proceedings. Once counsel received the transcripts, counsel moved to withdraw from representing Gilbreath due to a conflict of interest, as counsel had been contracted as a part-time prosecuting attorney for a local municipality. As a result, this court granted counsel's motion to withdraw and appointed Gilbreath new counsel on June 3, 2021. Gilbreath's new counsel thereafter requested an extension of time to file an appellate brief and eventually filed a brief on September 13, 2021. In the appellate brief, counsel did not address the correct order appealed from, as the brief contained assignments of error raising sentencing issues that pertained to the original judgment of conviction, which had already been affirmed by this court. As a result, this court removed Gilbreath's second appointed counsel and appointed a third counsel to file a new appellate brief on Gilbreath's behalf. Gilbreath's third counsel thereafter requested three extensions to file a brief, which this court granted. Gilbreath's third counsel then filed appellate brief on June 27, 2022, and the State filed a response on August 3, 2022.

N.E.3d 218, ¶ 58 (2d Dist.).

{¶ 19} All of the other circumstances argued by Gilbreath, i.e., the number of appellate counsels appointed in his case, the long duration of this appeal, and the fact that he received the maximum possible prison sentence, have no bearing on the validity of his guilty plea, as those matters could not have affected the knowing, intelligent, and voluntary nature of his plea. In fact, when ruling on Gilbreath's motion to withdraw his guilty plea, it would have been impossible for the trial court to even consider the number of appellate counsels appointed to Gilbreath or the duration of this appeal, since the appeal was not even in existence at the time the trial court ruled on Gilbreath's motion.

{¶ 20} For the foregoing reasons, we find that the trial court did not abuse its discretion in denying Gilbreath's motion to withdraw his guilty plea. The record establishes that the trial court reasonably determined that Gilbreath failed to demonstrate a manifest injustice warranting the withdrawal of his plea. Accordingly, Gilbreath's assignment of error is overruled.

## Conclusion

{¶ 21} Having overruled Gilbreath's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Thomas M. Kollin
Hon. Douglas M. Rastatter